UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ZACHARY A. HOLMAN # 473131,

      Plaintiff,

                                  Case No. 2:25-cv-154

v.

                                  Hon. Paul L. Maloney

MICHAEL J. BALLARD,

      Defendant.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

In an earlier lawsuit, Plaintiff Michael Holman, a state prisoner, alleged that Defendant Michael Ballard, a prison dentist, acted with deliberate indifference to Holman's medical needs when Ballard refused to fill his cavities without a cleaning appointment, an appointment Holman had already tried for months to get to no avail. The Court dismissed Holman's claims against Ballard without prejudice because, even though Holman had filed a grievance for the delay in care, he failed to exhaust his administrative remedies against Ballard as required under the Prison Litigation Reform Act (PLRA), 42 USC § 1997e(a). Now Holman sues Ballard again, this time alleging that Ballard refused to treat him during visits that happened after the events of the first lawsuit. (ECF No. 1). Holman also alleges, once again, the facts of the first lawsuit. (*Id.*).

Ballard filed a motion to dismiss (ECF No. 22). Magistrate Judge Maarten Vermaat recommended granting the motion in part and dismissing only the claims insofar as they rely on the facts of the earlier lawsuit. (ECF No. 32). Ballard objects to the report (ECF No. 34),

arguing that Holman needed to allege administrative exhaustion in order to re-bring any claims against Ballard.  Holman also objects to the report (ECF No. 36).  He asserts that, after the first lawsuit was dismissed, he filed a grievance that covers all the facts in the current lawsuit.  And because exhaustion is an affirmative defense, he argues, it is Ballard's responsibility to plead exhaustion—not Holman's.

Holman is right that he does not need to allege exhaustion.  As the Supreme Court recently reiterated, "PLRA exhaustion is an affirmative defense subject to the usual practice under the Federal Rules." *Perttu v. Richards*, 605 U.S. 460, 469 (2025) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).  "The usual practice under the Federal Rules" is that exhaustion "must be pleaded in response." *Jones*, 549 U.S. at 212 (citing Fed. R. Civ. P. 8(c)).  Ballard's objection relies on an argument rejected by the Supreme Court in *Jones*, which overturned another case that Ballard relies on, *Bomer v. Daniels*, 72 F. App'x 267, 269 (6th Cir. 2003). This part of his objection is, therefore, without merit.

Still, Holman cannot retread old ground.  Issue preclusion prevents him from relitigating whether he exhausted his administrative remedies prior to the first lawsuit even though it does not prevent him from relitigating his underlying claim.  Issue preclusion, also known as collateral estoppel, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation modified).  Issue preclusion is an affirmative defense, and "[c]ourts generally lack the ability to raise an affirmative defense *sua sponte*." *Hutcherson v. Lauderdale County*, 326 F.3d 747, 757 (6th Cir. 2003).  But a court may raise issue preclusion on its own under "special circumstances." *Arizona v. California*, 530 U.S.

392, 412 (2000).  Such circumstances include whenever "a court is on notice that it has previously decided the issue presented." *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting); *accord Holloway Const. Co. v. U.S. Dep't of Lab.*, 891 F.2d 1211, 1212 (6th Cir. 1989).  The Court previously decided the first case and Ballard's objection has put it on notice of that fact, so it is appropriate to examine issue preclusion here.[1]

> Four requirements must be met before issue preclusion applies:
>
> (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Georgia-P. Consumer Products LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (quotation omitted).

The first, second, and fourth requirements of issue preclusion are met here. Exhaustion was raised and litigated as part Ballard's motion for summary judgment in the prior proceeding.  *See Holman v. Ballard*, No. 2:23-cv-056-PLM-MV, Dkt. Nos. 92, 111, 122 (W.D. Mich.).  As the Court pointed out in its order, the determination of exhaustion

---

[1] While motions to dismiss under Rule 12(b)(6) typically test whether a complaint alleges sufficient facts to state a plausible claim for relief, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), a complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy," 5B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 1357 (3d ed. 1998).  For this to occur, "the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion." *Id.*  Issue preclusion is one such affirmative defense that is frequently considered on a motion to dismiss under Rule 12(b)(6).  *See Solis v. Global Acceptance Credit Co., LP*, 601 F. App'x 767, 771 (11th Cir. 2015) (explaining that res judicata "may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint.").  In evaluating issue preclusion on a Rule 12(b)(6) motion, a court may take judicial notice of its own records and the records of other courts.  *Id.*

against Ballard was necessary to his dismissal from the case. *Id.* at Dkt. No. 184. And Holman had a full and fair opportunity to litigate exhaustion in the prior proceeding through a response to Ballard's motion, *id.* at Dkt. No. 111; an objection to Judge Vermaat's report, *id.* at Dkt. No. 142; a motion for reconsideration, *id.* at Dkt. No. 185; and an appeal, *id.* at Dkt. No. 223.

The third element is also met but only insofar as the parties relitigate whether Holman exhausted his claim against Ballard prior to filing his previous lawsuit. A judgment "on the merits" typically means that dismissal of the claim in a prior proceeding was "with prejudice." *Cf. Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505 (2001) (explaining that, under Fed. R. Civ. P. 41, the term "with prejudice" implies an intention to decide on the merits). When a claim is dismissed "without prejudice," in contrast, that dismissal implies "dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Id.*

In the Sixth Circuit, all dismissals for failure to exhaust are without prejudice. *Boyd v. Corrs. Corp. of Am.,* 380 F.3d 989, 994 (6th Cir. 2006); *Russ v. TDOC,* No. 19-5656, 2020 WL 3317753, at *3 (6th Cir. Jan. 15, 2020) ("Under the PLRA, the appropriate way to dispose of unexhausted claims is to dismiss them without prejudice."). This type of dismissal allows prisoners an opportunity to try to exhaust their remedies before they return to federal court even when those grievances may be considered untimely. *Cf. McCloy v. Corr. Med. Servs.,* 794 F. Supp. 2d 743, 751 (E.D. Mich. 2011) (citing *Reed-Bey v. Pramstaller,* 603 F.3d 322, 325-26 (6th Cir. 2010)) ("[D]ismissing claims with prejudice assumes that a prison would always enforce its procedural rules for late-filed grievances and

never address the merits."); *see Alexis v. Connors*, No. 23-2502, 2024 WL 3534480, at *5 (3d Cir. July 25, 2024) ("[T]he District Court should have dismissed [the prisoner's claims] without prejudice in order to provide [him] with the opportunity to later supplement his complaint after exhausting the required administrative remedies."). But even then, assuming that all other elements of preclusion are met, a prisoner may not relitigate in the current proceeding whether they exhausted their remedies before filing their lawsuit in the prior proceeding. This is because issue preclusion prevents the relitigation of certain issues but not necessarily the relitigation of the underlying claim. *See Berryman v. Stephenson*, No. 21-10925, 2022 WL 2902387, at *3 (E.D. Mich. July 22, 2022) ("The underlying claims themselves are not precluded—only whether [a prisoner] exhausted them before those [prior] suits were filed.").

In his report, Judge Vermaat recommends dismissal of any claims that rely on allegations that took place prior to a dental cleaning on March 28, 2023, which is the date of the latest event in Holman's amended complaint from the prior proceeding. Ballard objects, arguing that the resolution of PLRA exhaustion in the prior proceeding ought to preclude relitigation of exhaustion for any claim against him. Ballard's argument is without merit, and, as illustrated above, the Court takes a different approach than Judge Vermaat. As a result, Holman will be precluded from relitigating only whether he exhausted his deliberate indifference claim against Ballard prior to filing his complaint in the prior proceeding.[2]

---

[2] A pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the Court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

Also in his objections, Ballard reiterates two arguments that he made to Judge Vermaat: specifically, he argues that Holman failed to allege sufficient facts to state a claim and that Ballard was protected by qualified immunity.   Either of these arguments, if successful, would have disposed of this case, but Judge Vermaat did not address them.   In light of these circumstances, the Court remands the motion to Judge Vermaat to consider these arguments.  *See Brown v. Comm'r of Soc. Sec.,* 602 F. App'x 328, 331 (6th Cir. 2015) (permitting remand in light of failure to address dispositive issues); *see also* 28 U.S.C. § 696(b)(1)(C) (allowing district judge to return report on a matter with instructions); Fed. R. Civ. P. 72(b)(3) (same).

Accordingly,

**IT  IS  ORDERED**  that  Magistrate  Judge  Maarten  Vermaat's  report  and recommendation (ECF No. 32) is **REJECTED** and the matter is remanded to Judge Vermaat with the instructions outlined above.

Dated: July 10, 2026                    /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge

6