UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ZACHARY A. HOLMAN #473131,<br>Plaintiff,<br><br>v.<br><br>DR. MICHAEL J. BALLARD,<br>Defendant. | No. 2:25-cv-154<br><br>Honorable Paul L. Maloney |

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DENYING REPORT AND RECOMMENDATION IN PART**

On July 30, 2026, the Magistrate Judge issued a Report and Recommendation (the "R&R"), ECF No. 41, resolving Defendant's Motion to Dismiss in Lieu of Filing Answer to Plaintiff's Complaint (the "Motion"). ECF No. 22. The Magistrate Judge recommended (1) granting the Motion as to Plaintiff's claims based on events on or before March 28, 2023, and (2) denying the remainder of the Motion.

For the reasons set forth below, the court **ADOPTS** the R&R in part and **REJECTS** the R&R in part.

## I. BACKGROUND

This case arises from a previous lawsuit Plaintiff filed in 2023. In that lawsuit, Plaintiff, a state prisoner, alleged that Defendant, a prison dentist, acted with deliberate indifference to Plaintiff's medical needs when Defendant refused to fill his cavities. This court dismissed that case without prejudice because Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

In 2025, Plaintiff filed this lawsuit, re-alleging the facts of the previous lawsuit and asserting new factual allegations to support his claim of deliberate indifference.[1] ECF No. 1.

Defendant responded by filing his Motion on October 16, 2025. ECF No. 22–23. In his Motion, Defendant argued that Plaintiff's claims should be dismissed for three reasons: (1) failure to exhaust administrative remedies, (2) failure to state a viable Eighth Amendment claim, and (3) qualified immunity. *Id.* at ECF No. 23.

On April 22, 2026, the Magistrate Judge issued a Report and Recommendation recommending that this court grant in part and deny in part Defendant's Motion. ECF No. 32. The Magistrate Judge concluded that the court should dismiss Plaintiff's claims arising from events on or before March 28, 2023, because issue preclusion barred Plaintiff from relitigating the issue of failure to exhaust. *Id.* PageID.152. But as to Plaintiff's claims arising after March 28, 2023, the Magistrate Judge recommended that the court deny Defendant's Motion and allow Plaintiff's claims to move forward because "the issue of exhaustion for claims arising after March 28, 2023, should be considered at the summary judgment stage." *Id.* PageID.152–153.

This court rejected the April 22, 2026, Report and Recommendation and remanded Defendant's Motion to the Magistrate Judge to consider Defendant's failure to state a claim and qualified immunity arguments. ECF No. 39. Specifically, the court found that Plaintiff is precluded from relitigating the issue of whether he exhausted his claims prior to filing his first lawsuit, but Plaintiff is not barred from relitigating the underlying claims themselves. *Id.*

[1] The court will not repeat the lengthy factual background of this lawsuit. The R&R provides a robust recitation of all relevant facts. ECF No. 41.

PageID.176. The court therefore rejected the Magistrate Judge's recommendation to dismiss Plaintiff's pre-March 28, 2023, claims and remanded the Motion with instructions for the Magistrate Judge to consider Defendant's other two arguments. *Id.* PageID.177.

The Magistrate Judge then issued the R&R that is the subject of this Order. ECF No. 41. The Magistrate Judge recommended that the court order the following: (1) grant Defendant's Motion as to Plaintiff's pre-March 28, 2023, claims based on issue preclusion, or, alternatively, for failure to state a claim, (2) deny Defendant's Motion as to failure to exhaust Plaintiff's post-March 28, 2023, claims, (3) deny Defendant's Motion for failure to state a claim as to Plaintiff's post-March 28, 2023, claims, and (4) deny Defendant's Motion for qualified immunity. *Id.* PageID.182.

The parties timely filed their objections. Plaintiff objected to the Magistrate Judge's first recommendation, ECF No. 44, and Defendant objected to the Magistrate Judge's last two recommendations. ECF No. 42.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure grant parties fourteen days to file written objections to a magistrate judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The district judge then reviews *de novo* the portions of the R&R to which parties filed objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Our Local Rules require any party objecting to a R&R to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). If a party fails to make a specific objection, then the party waives

that objection. *Middleton v. Octapharma Plasma, Inc.*, No. 19–1943, 2020 WL 5000070, at * 1 (6th Cir. Mar. 26, 2020).

## III. ANALYSIS

The court will (1) adopt in part the R&R, (2) reject in part the R&R, and (3) deny Defendant's Motion for the following reasons. First, per the court's previous Order rejecting the April 22, 2026, Report and Recommendation, Plaintiff is not precluded from relitigating the underlying claims of his previous lawsuit. Second, Plaintiff's complaint survives the liberal 12(b)(6) pleading standard for *pro se* plaintiffs. Finally, qualified immunity does not shield Defendant.

### 1. Failure to Exhaust

Before a prisoner-plaintiff may file a lawsuit, he or she first must exhaust all administrative remedies. 42 U.S.C. § 1997e(a). If the prisoner-plaintiff fails to do so, then the court will dismiss his or her lawsuit without prejudice. *Moore v. Washington*, 729 F. Supp. 3d 732, 737 (E.D. Mich. 2024). Dismissal without prejudice, of course, allows the prisoner-plaintiff to then refile the lawsuit once he or she has exhausted all administrative remedies. *Garrett v. Wexford Health*, 938 F.3d 69, 81 n.16 (3d Cir. 2019).

#### A. Pre-March 28, 2023, Claims

The court agrees with Plaintiff that its previous ruling on this issue, ECF No. 39, solely bars Plaintiff from relitigating the issue of whether he exhausted his administrative remedies prior to filing his previous lawsuit; the court's previous ruling does *not* bar Plaintiff from litigating the underlying claims themselves. And, as the court noted above, the purpose of dismissing prisoner-plaintiff lawsuits *without prejudice* for failure to state a claim is so that

the prisoner-plaintiff may have the opportunity to refile the lawsuit after exhausting all administrative remedies. *Garrett*, 938 F.3d at 81 n.16. If the court precluded Plaintiff from litigating the underlying claims that were the subject of his first lawsuit, then the purpose of dismissal without prejudice would be moot. *See McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 751–52 (E.D. Mich. 2011) (explaining why dismissing a prisoner-plaintiff's claim with prejudice for failure to exhaust is inappropriate).

The court therefore **REJECTS** the Magistrate Judge's recommendation to grant Defendant's Motion with respect to Plaintiff's pre-March 28, 2023, claims for failure to exhaust.

**B. Post-March 28, 2023, Claims**

Defendant failed to specifically object to the Magistrate Judge's recommendation to deny his Motion for failure to exhaust with respect to the post-March 28, 2023, claims. Defendant therefore waived any objection to this recommendation.[2] *See Middleton*, 2020 WL 5000070, at * 1 ("[A] general objection to a magistrate judge's report is considered tantamount to no objection at all.").

The court therefore **ADOPTS** the Magistrate Judge's recommendation to deny Defendant's Motion with respect to Plaintiff's post-March 28, 2023, claims for failure to exhaust.

---

[2]Even if Defendant had preserved error on this point, the court would still adopt the Magistrate Judge's recommendation. Failure to exhaust is an affirmative defense; thus, Defendant bears the burden of proving Plaintiff failed to exhaust all administrative remedies. *Rife v. Jones*, No. 1:22–cv–144, 2022 WL 3586199, at *3 (S.D. Ohio Aug. 22, 2022). Because of this, courts routinely recognize that failure to exhaust "is best raised in a motion for summary judgment." *Id.* (quoting *Hollis v. Erdos*, 480 F. Supp. 3d 823, 830 (S.D. Ohio 2020).

**2. Failure to State a Claim**

The thrust of Plaintiff's complaint is a deliberate indifference Eighth Amendment claim. The court finds that Plaintiff's complaint clears the low 12(b)(6) threshold and states a plausible claim for an Eighth Amendment violation.

**A. Pre-March 28, 2023, Claims**

The Magistrate Judge concluded that Plaintiff's pre-March 28, 2023, claims "merely allege[] a dispute in the adequacy of treatment options." ECF No. 41 Page ID.192. The court disagrees.

On December 20, 2022, Plaintiff met with Defendant for the first time after waiting for nine months and told Defendant about his many cavities and pain. ECF No. 1 PageID.4. Defendant offered to extract Plaintiff's teeth, but Plaintiff desired a less invasive option and asked Defendant to fill the cavities instead. *Id.* Defendant responded that Plaintiff "wasn't going to jump the list for fillings." *Id.* Plaintiff alleges that Defendant did not conduct a full examination, did not provide dental care for all his cavities, and did not prescribe any pain medication. *Id.* PageID.5.

The Second Circuit[3] dealt with a case with similar allegations in *Chance v. Armstrong*, 143 F.3d 698 (2d Cir. 1998). There, the *pro se* prisoner-plaintiff sued the prison dentist for deliberate indifference because the prison dentist would not perform the less invasive procedure of filling his cavities as opposed to extracting his teeth. *Id.* at 700. The court explained that "a physician may be deliberately indifferent if he or she consciously chooses

[3]The Sixth Circuit discussed this case with approval in *McCarthy* and drew an analogy to the facts of that case.

'an easier and less efficacious' treatment plan." *Id.* at 703 (quoting *Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir. 1974). The court held that the *pro se* prisoner-plaintiff overcame the defendant's 12(b)(6) challenge, noting that "[w]e cannot say at this stage that it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Id.* at 704 (internal citations omitted).

Similarly, here, Plaintiff has stated a claim that Defendant consciously chose an easier and less efficacious treatment plan. Again, Plaintiff is a *pro se* prisoner-plaintiff; he benefits from a generous pleading standing under 12(b)(6). *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that a *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). As the court observed in *Chance*, Plaintiff "might not be able to prove his claims at trial. And even at the summary judgment stage, it may well become clear that [Plaintiff] cannot proffer sufficient proof to create genuine issues of material fact." 143 F.3d at 701. But this court cannot say—at this stage in the litigation—that it appears beyond a doubt that Plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief.

The court therefore **REJECTS** the Magistrate Judge's alternative recommendation to grant Defendant's Motion as to Plaintiff's pre-March 28, 2023, claims for failure to state a claim.

**B. Post-March 28, 2023, Claims**

The Magistrate Judge concluded that Plaintiff did state a claim under the Eighth Amendment for his post-March 28, 2023, claims. ECF No. 41 PageID.194. The court agrees.

After Plaintiff's initial December 20, 2022, visit with Defendant, Plaintiff saw another dentist: Dr. Choi. ECF No. 1 PageID.5. Dr. Choi examined Plaintiff and created a treatment plan for Plaintiff's cavities. *Id.* Plaintiff then met with Defendant again on May 15, 2023, and Defendant refused to "treat [Plaintiff] or prescribe pain medication, despite Dr. Choi's diagnosis." *Id.* Plaintiff again saw Defendant on September 26, 2023, but Defendant refused to follow Dr. Choi's treatment plan. *Id.* PageID.6.

The Magistrate Judge found that these allegations create the implication that "(1) Holman had a serious medical condition, (2) that Dr. Ballard was aware of it, and (3) that Dr. Ballard was deliberately indifferent to it." ECF No. 41 PageID.193. Defendant responds by arguing that the allegations instead invite a different inference: "that Dr. Ballard knew Plaintiff was being treated by a colleague and at most elected not to perform additional procedures at the appointments since Dr. Choi had been treating him." ECF No. 42 PageID.202. This lawsuit is currently at the 12(b)(6) stage, meaning that the court takes as true Plaintiff's allegations and must draw all reasonable inferences in his favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, Defendant's alternative theory cannot be considered at this stage.

The court therefore **ADOPTS** the Magistrate Judge's recommendation to deny Defendant's Motion as to Plaintiff's post-March 28, 2023, claims for failure to state a claim.

### 3. Qualified Immunity

The Magistrate Judge concluded that qualified immunity does not protect Defendant. The court agrees.

The court already concluded that the first step of the qualified immunity analysis is satisfied when the court found that Plaintiff pled a claim for deliberate indifference in violation of the Eighth Amendment.

The court now answers the second step of the qualified immunity analysis in the affirmative as well. There does not need to be "a case directly on point" for a court to find that the right at issue is "clearly established"; rather, it is sufficient that existing precedent "placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal citations omitted). Defendant argues that the relevant inquiry is "whether a reasonable dentist would have been on notice in May and September 2023 that declining to perform fillings or prescribe requested pain medication when asked (at two appointments) would violate the Eighth Amendment." ECF No. 42 PageID.203. First, the court is unconvinced that the second step of the qualified immunity analysis demands that level of specificity. Even so, as discussed above, there is a case with similar facts to this one where a circuit court found that declining to perform fillings stated a claim for an Eighth Amendment violation. *Chance*, 143 F.3d 698 at 704. The Sixth Circuit also found that a plaintiff stated a claim for an Eighth Amendment violation when he alleged a prison dentist failed to treat his dental pain caused by his cavities. *McCarthy*, 313 Fed. App'x at 815–16. Finally, "dental care is one of the most important needs of inmates," *Flanory v. Bonn*, 604

F.3d 249, 253 (6th Cir. 2010), and has been at the center of various deliberate indifference lawsuits in the prison setting. *E.g., McCarthy*, 313 Fed. App'x 810.

The court therefore **ADOPTS** the Magistrate Judge's recommendation to deny Defendant' Motion as to qualified immunity.

## IV. CONCLUSION

The court **ADOPTS** in part and **REJECTS** in part the R&R. ECF No. 41. The court **DENIES** Defendant's Motion. ECF No. 22.

**IT IS SO ORDERED.**

Date: September 28, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge